Rosemary T. McGuire, Esq.   Bar No. 172549
Erica M. Camarena, Esq.     Bar No. 227981

WEAKLEY, ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California  93710
Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendants, Catalina Rodriguez, Jonathan Long, David Wilkin,
       Larry Hustedde and Mark Salazar

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOE RASCON, | CASE NO. 1:08-CV-01394 OWW GSA |
| Plaintiff, | |
| vs. | STIPULATION AND PROTECTIVE ORDER AUTHORIZING LIMITED DISCLOSURE CONFIDENTIAL FRESNO POLICE DEPARTMENT RECORDS |
| CATALINA RODRIGUEZ; JONATHAN LONG; DAVID WILKIN; LARRY HUSTEDDE; MARK SALAZAR, | |
| Defendants. | Trial Date: April 13, 2010 |

IT IS HEREBY STIPULATED between the parties, through their respective counsel, and ordered by this Court, that the following material will be disclosed pursuant to this stipulation and protective order:

**1.    Statement of Joe Rascon take in connection with Internal Affairs Investigation 2008-0031.**

The above-named document which is maintained by the Fresno City Police Department and requested by plaintiff through discovery, may be disclosed to counsel for the parties pursuant to the protective order detailed below.  The document requested by plaintiff contains information which the City of Fresno deems confidential.  The release of this document pursuant to this Stipulation and Protective Order does not waive the confidentiality privilege protecting the above-named document from general disclosure.

///

Based on the foregoing, IT IS HEREBY STIPULATED:

1. The "Confidential" document shall be used solely in connection with this litigation in the preparation and trial of this case, or any related proceeding, and not for any other purpose or in any other litigation. The party producing the document described above may designate it by affixing a mark labeling it as "Confidential - Subject to Protective Order."

2. The document identified in this protective order may be disclosed only to the following persons:

    a) the counsel for any party to this action;

    b) paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in (a);

    c) court personnel including stenographic reporters engaged in proceedings as are necessarily incidental to preparation for the trial of this action;

    d) any outside expert or consultant retained in connection with this action and not otherwise employed by either party;

    e) any in-house expert designated by defendants to testify at trial in this matter;

    f) plaintiff;

    f) witnesses may have the information disclosed to them during deposition proceedings; the witnesses shall be bound by the provisions of paragraph 3;

    g) the finder of fact at the time of trial subject to the court's rulings on in limine motions and objections of counsel;

3. Each person to whom the "confidential" document or any portion thereof is provided, with the exception of counsel who are presumed to know of the contents of this protective order shall, prior to the time of disclosure, be provided by the person furnishing him/her such information, a copy of this order, and shall agree on the record or in writing that he/she has read the protective order and that he/she understands the provisions of the protective order. Such person must also consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding related to enforcement of this order, including without limitation, any proceeding for contempt. Plaintiff's counsel shall be responsible for

1 | internally tracking the identities of those individuals to whom copies of document marked "Confidential" is given. The defendants may not request the identities of said individuals, however, until the final termination of the litigation or if it is able to demonstrate a good faith basis that Plaintiff, or an agent thereof, has breached the Stipulated Protective Order. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until further order of this Court.

4. Any document filed with the Court that includes the confidential document shall be filed under sealed label with a cover sheet as follows: "This document is subject to a protective order issued by the Court and may not be copied or examined except in compliance with that order." Such document shall be kept by the Court under seal and made available only to the Court or counsel.

5. Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform the City of Fresno of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

6. After the conclusion of this litigation, the document, in whatever form stored or reproduced, containing "confidential" information will remain confidential, and if filed with the Court, shall remain under seal. All parties also ensure that all persons to whom "confidential" documents were disclosed shall be returned to counsel for the producing party. The conclusion of this litigation means termination of the case following applicable post-trial motions, appeal and/or retrial. After the conclusion of this litigation, all confidential documents received under the provisions of this Protective Order, including all copies made, shall be tendered back to the attorneys for the defendants in a manner in which the City of Fresno will be able to reasonably identify that all documents were returned.

///

///

**IT IS SO STIPULATED:**

DATED: May 1, 2009

        WEAKLEY, ARENDT & McGUIRE, LLP

      By: /s/ Rosemary T. McGuire
         Rosemary T. McGuire
         Attorney for Defendants, Catalina
         Rodriguez, Jonathan Long, David
         Wilkin, Larry Hustedde and Mark Salazar

DATED: May 1, 2009

        EMERSON, COREY, SORENSEN, CHURCH
        AND YOHMAN

      By: /s/ Rayma Church
         Rayma Church
         Attorney for Plaintiff Joe Rascon

  The parties are advised that any party intending to utilize any confidential third party information designated as confidential in a law and motion matter or at trial should lodge the document under seal pursuant to Local Rules 39-140 and 39-141 so as to preserve its confidentiality pending the Court's determination regarding whether a privilege exists that precludes the use of the document or other information as evidence or determining what safeguards should be utilized if the confidential information is to be considered as evidence.

  IT IS SO ORDERED.

   Dated: **May 4, 2009**     **/s/ Gary S. Austin**
              UNITED STATES MAGISTRATE JUDGE